**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHELLE M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-02072 (RC) |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the Second Motion for More Definite Statement or Alternatively Motion to Dismiss ("Mot."), ECF No. 20, filed by Defendant the Department of the Navy. For the reasons stated below, the Court grants Defendant's Motion to Dismiss and denies its Second Motion for More Definite Statement as moot.

## <u>BACKGROUND</u>

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, originally filed this matter in the U.S. Court of Appeals for the Federal Circuit by filing a Petition for Review, ECF No. 1, appealing a final order issued by the Merit Systems Protection Board ("MSPB") in No. DC-0752-20-0166-I-1, affirming the decision of her former employer, the Department of the Navy, to terminate her employment via a "Chapter 75 removal," *see generally id*.; *see also* Transfer Order ("Ord."), ECF No. 13, at 1. Upon review of Plaintiff's Response to Show Cause ("Resp."), ECF No. 11, on June 20, 2025, the Federal Circuit determined that Plaintiff intended not only to appeal the MSPB's determination but also to raise civil claims for employment discrimination and retaliation, *see* Ord. at 1–2 (citing Resp. at 1). Accordingly, it determined that this matter was a "mixed case" because Plaintiff pursues wage employment discrimination claims in an action that was also appealable to the MSPB. *See id.* at 2. And, because the Federal Circuit determined that the alleged

discrimination appears to have occurred in the District of Columbia, it transferred the case to this Court. *See id*. (citing 28 U.S.C. § 1631).

Shortly after the case was transferred, on July 21, 2025, Defendant filed its First Motion for a More Definite Statement, ECF No. 15, which the Court granted on August 26, 2025, *see* Order ("Aug. 26th Ord."), ECF No. 17. Because this matter began as an appeal of an MSPB decision, Plaintiff was not required to file a formal pleading clearly defining her discrimination claims against Defendant pursuant to Rule 7(a)(1); however, given its resulting transfer to this Court, a formal pleading was required to provide sufficient notice of Plaintiff's claims. *See id*. at 2. Indeed, Plaintiff's original Petition consisted only of a boilerplate template notice of appeal and a copy of the MBPB's final order, which, even combined, contained little to no facts or context sufficient to raise an employment discrimination claim, and thus failed to comply with minimal pleading standards. *See id.* at 2–3.

Accordingly, the Court ordered Plaintiff to, within 30 days, file an amended civil complaint, drafted in accordance with Rules 3, 8, 10, and 11 of the Federal Rules of Civil Procedure, and Rule 5.1 of the Local Civil Rules, clearly and succinctly identifying the specific causes of action that she intended to bring, and against whom, and identifying the legal bases, legal authority, and the relevant facts sufficient to state and support those claims, including, but not limited to, the alleged adverse actions, and where, when, how, on what discriminatory basis, and by whom they occurred. *See id*. at 3. The Court further instructed Plaintiff to clearly plead her intended basis for jurisdiction, venue, her entitlement to relief, and the relief sought, and to also restate her intention to prosecute her MSPB appeal, if she still so intended. Plaintiff was forewarned that failure to fully comply with the Court's Order could result in dismissal. *See id.*

2

On September 25, 2025, Plaintiff filed, in response to the Court's August 26th Order, a letter to the Clerk of Court, attached to an untitled amended submission ("Amended Submission" and "Am. Sub."), which was collectively construed and docketed as her Amended Complaint, ECF No. 18. She also concomitantly filed numerous sets of Exhibits ("Exs."), ECF No. 19 through 19-7. In response, on December 1, 2025, Defendant filed the pending Second Motion for More Definite Statement or Alternatively Motion to Dismiss. *See generally* Mot. On the same date, the Court entered an Order ("*Fox* Order"), ECF No. 21, advising Plaintiff of her obligation to respond to Defendant's Motion, forewarning her of the consequences of failing to respond to a motion to dismiss, and directing her to file a response by no later than January 5, 2026, *see id*. at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). The Clerk mailed a copy of that Order to Plaintiff's address of record on December 2, 2025.

On December 12, 2025, in response to the Court's December 1st Order, Plaintiff filed a "Response to the Court's Show Cause-Order Regarding Jurisdiction" ("Resp I"), ECF No. 22, and four days later, she filed an "Amended Conclusion to Response to the Court's Show-Cause Order Regarding Jurisdiction" ("Resp. II"), ECF No. 23. These Responses are captioned, not for this Court, but for the Federal Circuit, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and they do not address the arguments raised in Defendant's pending Motion. *See generally* Resp. I; Resp. II. Instead, in these Responses, Plaintiff continues to argue that this matter is not a mixed case and that the Federal Circuit bears subject matter jurisdiction because "the MSPB did not decide any discrimination claim on the merits, because [she] challenges only legal and procedural aspects of her Chapter 75 removal, and because controlling precedent confirms jurisdiction where discrimination allegations were dismissed procedurally[.]" Resp. I at 3; *see* Resp. II at 1. However, this Court does not bear the authority to vacate or otherwise revisit actions taken or

3

determinations made by the Federal Circuit. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (citing *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.")), *cert. denied*, 506 U.S. 844 (1992); *U.S. v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

## LEGAL STANDARD

### Failure to State a Claim

A plaintiff is obligated to provide a short and plain statement of her claim showing that she is entitled to relief, Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation omitted), *cert. denied*, 568 U.S. 1088 (2013); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (same). However, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim.  *Id*.  Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79), *cert. denied*, 559 U.S. 1039 (2010).

In ruling upon a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  Applicable here to some degree, the D.C. Circuit has expressed caution regarding the use of D.C. Local Rule 7(b) to grant as conceded unopposed motions to dismiss pursuant to Federal Rule 12(b)(6), *see Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481–82 (D.C. Cir. 2016); therefore the Court declines to do so in this matter.

## DISCUSSION

Plaintiff's now-operative Amended Submission does not comply with the applicable Federal or Local Rules, nor does it conform with *any* of the directives set forth in the Court's August 26th Order, despite its crystal-clear mandates.  *See* Aug. 26th Ord. at 3; *see generally* Am. Sub. The Amended Submission does not bear a title, caption, or Rule 7(a) designation, in contravention of Federal Rule 10(a).  *See generally* Am. Sub.  Indeed, Plaintiff cannot even proceed with a civil action in this Court without filing an actual complaint, which she has not done, and this matter could be dismissed for that reason alone.  *See* Fed. R. Civ. P. 3; *In re Sealed Case*

*No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint") (per curiam); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]").

Yet more, Plaintiff's Amended Submission does not set forth claims in numbered full paragraphs, or even in full sentences, as required by Federal Rule 10(b). *See generally* Am. Sub. Instead, segments of information are presented laundry-list style, with bullet points. *See generally id*. And, although the cover letter to the Clerk is signed, *see id*. at 1, the Amended Submission itself is unsigned, *see id.* at 5, thus contravening Federal Rule 11(a). Plaintiff also fails to restate (or disclaim), as directed, *see* Aug. 26th Ord., her intention to prosecute her MSPB appeal, *see generally* Am. Sub.

The substance of the Amended Submission fares no better than its procedure. It does not contain a basis for jurisdiction, a statement of claim or a set of supporting facts, nor does it detail the damages sustained, or contain any request for relief, in violation of Federal Rule 8(a) and D.C. Local Civil Rule 5.1(c)(1). *See generally* Am. Sub. Instead of actually pleading her claims, Plaintiff asks the Court to "review" the entire "record" and "all [the] evidence" that she possesses––i.e., the Amended Submission's accompanying Exhibits, which total 157 pages, in contravention of D.C. Local Civil Rule 5.1(e). *See id.* at 2, 4.

But the pleading stage of a case is not the time for the Court make decisions based on the record, or to entertain, as requested, Plaintiff's "closing arguments." *See* Am. Sub. at 1–2; *see also Bain v. Off. of the Attorney Gen.*, 648 F. Supp. 3d 19, 29 (D.D.C. 2022) ("But, where it can only speculate as to what [the plaintiff] intends to allege, the Court will not, in effect, assume the role of the advocate and fill in the gaps left in [the plaintiff's]'s complaint, nor will it scour the record

so that it can make [the plaintiff's] case for her.") (internal quotation marks omitted) (quoting *Husain v. Smith*, No. 15-cv-708, 2016 WL 4435177, at *1 (D.D.C. Aug. 19, 2016)).  And the Court cannot litigate or advocate on behalf of a *pro se* litigant, which is precisely what it would be doing if it were to cull through Plaintiff's raft of Exhibits and, as requested, *see* Am. Sub. at 2, 4, cobble together claims on her behalf, *see Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983) ("While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts[.]"); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."), *aff'd*, 686 Fed. Appx. 5 (D.C. Cir. 2017) (per curiam); *Naz v. Wright*, 177 F.4th 1242, 1248 (D.C. Cir. 2026) (finding that that there is no expectation for a district court to "cull through every filing of a *pro se* litigant to preserve a defective complaint.") (citation and internal quotation marks omitted); *Britt v. Wash. Metro. Area Transit Auth.*, No. 23-844, 2024 WL 5106544, at *4 (D.D.C. Dec. 13, 2024) (noting that the court is not obligated to "search the complaint high and low for any allegations that could support a timely claim of each sort. That is not the Court's job[.]") (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs.")) (other citation omitted); *Spence v. Dep't of Vet. Affs.*, No. 19-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022) (finding that "the federal pleading rules emphasize clarity and brevity[,]" and that asking the court to "select the relevant material from a mass" of material is an "unjustified burden") (internal quotation marks omitted) (citing *Nichols v. Holder*, 828 F. Supp. 2d 250, 252 (D.D.C. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004)), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S.Ct. 594 (2024).

In short, Plaintiff expects the Court to somehow be, at the inception of this case, inherently familiar with, not only the broad details of her claims, but with her oblique references to the minutiae of same, *see. e.g.*, Am. Sub. at 3–4, and to the extent that this information is unfamiliar, Plaintiff essentially asks that the Court decipher and assemble her claims for her, *see id.* at 2, 4. These are unreasonable expectations. *See Bain*, 648 F. Supp. 3d at 29 ("[E]ven when a plaintiff is proceeding *pro se*, a district court is not 'obliged to sift through hundreds of pages . . . to make [its] own analysis and determination of what may[ ] or may not' support the plaintiff's claims.")) (alterations in original) (quoting *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).

The Court notes that the Amended Submission, and some of the cover sheets accompanying the Exhibits, reference legal terms that hint at claims, like, "discrimination," "wrongful termination," "workers' compensation retaliation," "harassment," "false allegations," and "misrepresentations," and these references are putatively supported by allusions to various piecemeal incidents allegedly committed against her by, ostensibly, co-workers and superiors. *See* Am. Sub. at 3–4; Exs. Set 1, ECF No. 19, at 2; Exs. Set 2, ECF No. 19-1, at 1; Exs. Set 3, ECF No. 19-2, at 2; Exs. Set 4, ECF No. 19-3, at 1; Exs. Set 6, ECF No. 19-5, at 1–2, Exs. Set 7, ECF No. 19-6, at 1; Exs. Set 8, ECF No. 19-7, at 1. These references are assumptive, fragmentary, and uncontextualized, and therefore indecipherable in isolation, and although she includes exhibits, the references are never placed into any broader context by Plaintiff *through pleading*. *See Spence*, 2022 WL 3354726, at *12 (dismissing MSPB appeal because the plaintiff's allegations "linger[ed] on the minutiae of 'myriad seemingly irrelevant descriptions,'. . . rather than providing a coherent chronological retelling of the events underlying her termination, making it 'nearly impossible to discern the essential facts that underlie Plaintiffs' legal claims.'") (quoting *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 415 (D.D.C. 2017)).

Indeed, even Plaintiff's own objective in prosecuting this lawsuit is puzzling. In her Responses to Defendant's Motion, she insists that she is raising "classic nondiscrimination MSPB issues," *see, e.g.,* Resp. I at 2, so it is unclear if she, in fact, even wants to pursue any employment discrimination claims, *see id.* at 3 (stating that she "does not request" adjudication of discrimination claims and that she seeks only to challenge MSPB's "procedural error, legal misapplication, and MSPB adjudicative error"). And even if she still wants to pursue them, she has fallen short, even with the benefit of generous interpretation of her claims by the Court and Defendant. *See* Mot. at 5–6.

For example, insofar as Plaintiff brings a claim for employment discrimination, she must at least plead that she suffered actionable adverse employment actions because of her protected status. *See Chambers v. Dist. of Columbia*, 35 F.4th 870, 874–75 (D.C. Cir. 2022). The events abstractly referenced in Plaintiff's Amended Submission are not presented in enough detail or with enough background information to establish that they were adverse actions, which must affect the "terms, conditions, or privileges of [her] employment," *see id.* at 877, bringing about "some 'disadvantageous' change," *see Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354 (2024) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)). In other words, "not everything that makes an employee unhappy is an actionable adverse action." *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001).

Moreover, the Amended Submission is silent as to Plaintiff's membership in any protected group or any protected characteristics, nor does she cite to any legal authority that might imply what type of discrimination she allegedly suffered. In her Responses to Defendant's Motion, Plaintiff broadly references, in passing, "disability discrimination" and "reasonable-accommodation." *See* Resp. I at 2. But no supporting details are provided to support either type

9

of claim.  As for disability discrimination, assuming *arguendo* that the events referenced in Plaintiff's Amended Submission were indeed adverse actions, she nonetheless fails to allege that these incidents were motivated by Defendant's discriminatory animus, nor does she explain how or why, and she alternatively fails to identify any characteristics or preferential treatment of any similar situated comparators.  *See, e.g. Yuvienco v. Vilsack*, No. 23-186, 2024 WL 727712, at *3 (D.D.C. Feb. 22, 2024) (dismissing the plaintiff's employment discrimination claims because plaintiff's claims were "predicated on . . . vague and conclusory allegations, and she [made] little connection between her employment issues and her [protected characteristics]"); *Bishop v. Dep't of Agric.*, No. 19-cv-01836, 2020 WL 3064421, at *3 (D.D.C. June 9, 2020) (dismissing employment discrimination claim where plaintiff "manage[d] only to allege, in conclusory fashion, that he is a member of a protected class who suffered an adverse employment action" without "factual allegations to support these assertions"), *aff'd*, No. 20-5170, 2020 WL 6600053 (D.C. Cir. Oct. 20, 2020) (per curiam).

And to the extent that Plaintiff brings a claim for failure to accommodate, she must allege that (1) she was an individual with a disability recognized by statute; (2) that Defendant had notice of her disability; (3) that with reasonable accommodation she could perform the essential functions of her job; and (4) that Defendant refused to make such reasonable accommodations.  *Etheridge v. FedChoice Federal Credit Union*, 789 F. Supp. 2d 27, 35 (D.D.C. 2011).  Plaintiff does not address any of these elements, apart from her suggestion that she, perhaps, requested a reasonable accommodation at an unknown point in time, but did not complete the process.  *See* Resp. I at 2; *see also Arnold v. Speer*, 251 F. Supp. 3d 269, 273 (D.D.C. 2017) (holding that, to state an employment discrimination claim, a plaintiff must provide enough facts about "what . . . [,] who . . . [,] and how" that make a claim plausible."); *Saunders v. Galliher and Huguely Associates, Inc.*,

741 F. Supp. 2d 245, 249 (D.D.C. 2012) (dismissing failure to accommodate claim where the plaintiff failed to sufficiently allege that he requested a reasonable accommodation, that his employer had denied the request, or that he qualified under statute, because he did not indicate that he could perform the essential elements of his job and did not identify any reasonable accommodation that would allow him to do so).  In fact, no substantive information is clearly pleaded regarding Plaintiff's overall employment relationship with Defendant, including her job position or its requirements.

Finally, Plaintiff's retaliation claim, if any, suffers the same fate.  To state a retaliation claim, Plaintiff must allege that she (1) engaged in statutorily protected activity; (2) suffered a materially adverse action; and (3) a causal link that connects the two.  *See Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013).  The only plausible protected activity cited by Plaintiff's is an apparent Equal Employment Opportunity ("EEO") complaint.  *See* Am. Sub. at 4; Exs. Set 1 at 2; Exs. Set 2 at 1.  But Plaintiff does not state when she filed this EEO complaint, nor does it appear to be included in the Exhibits.  Plaintiff also fails to make clear when any retaliatory acts took place in relation to its filing, nor does she clearly identify the resulting retaliatory acts.  Although Plaintiff loosely contends that she was "harassed," perhaps around the time that she filed the EEO complaint, it appears that the harassment *gave rise* to her protected activity, rather than *arose therefrom*, *see* Am. Sub. at 4; Exs. Set 1 at 1–2; Exs. Set 2 at 1; *see also Watkins v. Dep't of Justice*,  No. 23-766, 2024 WL 4362156, at *8 (D.D.C. Sept 30, 2024) (dismissing where the plaintiff's amended complaint provided "only cursory and conclusory allegations in support of her retaliation claim," including bare references to "verbal and mental abuse, psychological injury, and pervasive conduct," but did "not contain any particulars as to the adverse action alleged, identify any

protected activity, or connect the alleged abuse to such an activity.") (cleaned up).  Plaintiff also fails to allege that anyone in her supervisory chain of command was aware that she had engaged in that protected activity.  *See Abdelhamid v. Lane Constr. Corp.*, 744 F. Supp. 3d 10, 23 (D.D.C. 2024) (dismissing retaliation claim where the plaintiff failed to sufficiently allege that his supervisor was on notice of his protected activity and finding that an "employer cannot retaliate against an employee for protected activity unless it knows that the employee has engaged in that activity") (quoting *Singletary v. Howard Univ.*, 939 F.3d 287, 300 (D.C. Cir. 2019)) ("Common sense teaches that an employer cannot retaliate against conduct of which it was unaware.")); *Menoken v. McGettigan*, 273 F. Supp. 3d 188, 202 (D.D.C. 2017) (dismissing retaliation claims because the plaintiff "never actually allege[d] that [her potential employer] knew that [she] initiated the EEOC Action" and her "complaint [did] not even include a conclusory allegation that [the defendant] acted out of retaliatory animus."), *aff'd*, No. 17–5228, 2018 WL 2383278 (D.C. Cir. May 9, 2018) (per curiam).

Because Plaintiff's Amended Submission makes only generic references to discrimination, retaliation, and failure to accommodate, and does not provide organized, clear, or sufficient context to support those claims, the Court is unable to draw a reasonable inference that Defendant is liable for those claims, or any others.  *See Brown v. Sessom*s, 774 F.3d 1016, 1020 (D.C. Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Accordingly, Plaintiff's claims, to the extent that she still brings them, are dismissed.  *See, e.g., Spates v. Vilsack*, No. 23-02009, 2023 WL 4930096, at *1 (D.D.C. Aug. 1, 2023) (dismissing employment discrimination and retaliation claims where the "plaintiff provide[d] no details [to] make out a colorable claim for employment discrimination or retaliation; she d[id] not articulate the specific acts or the context of the alleged wrongdoing she allegedly endured, or any protected activity she engaged in. She d[id] not state what actually happened, or

where, or by whom. Indeed, even the nature of her employment or intended employment [was] completely unclear."), *appeal dismissed*, No. 23-5256, 2024 WL 221825 (D.C. Cir. Jan. 22, 2024) (per curiam).

The Court declines to grant Defendant's Second Motion for More Definite Statement because Plaintiff has already been afforded an opportunity to file a more definite statement, and the Court provided her with very clear delineated instructions as to how to ensure compliance. *See* Aug. 26th Ord. She was also forewarned that failure to comply could result in dismissal. *See id*. Yet her Amended Submission still failed to suffice. Furthermore, Plaintiff not only failed to respond to any of the arguments raised by Defendant in its Motion, despite advance notice and advisement of such obligation. *See Fox* Order. Instead, in response, Plaintiff suggests that she is not actually pursuing any employment discrimination claims. *See* Resp. I at 2–3; Resp. II at 1. For all of these reasons, the Court elects to grant Defendant's Motion to Dismiss and deny its Second Motion for More Definite Statement as moot. *See Powel v. Ben's Chili Bowl*, No. 20-0436, 2021 WL 2949168, at *2 (D.D.C. July 14, 2021) (granting Defendant's motion to dismiss and denying its renewed motion for more definite statement as moot where "both Defendant and the Court [were] left to wade through dozens of pages of material in search of facts, when it [was] Plaintiff's responsibility to plead her case. . . [and] the original complaint, amended complaint, more definite statements and opposition to Defendant's motion to dismiss [were] so vague, so conclusory, and so lacking in detail that the Court simply [could not] 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Iqbal*, 556 U.S. at 678).

**CONCLUSION**

For the reasons stated above, the Court grants Defendant's Motion to Dismiss, ECF No. 20, and it dismisses this action without prejudice.  A final, appealable Order accompanies this Memorandum Opinion.

Date:   August 6, 2026

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge
